We'll move to the next case on the calendar, Zeng v. Barr. Good morning. Guadagno for the petitioner. Yes. Good morning. May it please the court, my name is Matthew Guadagno and I represent the petitioner, Ya-Yi Zhang. There are two issues in this matter. The first is whether the Immigration Customs Enforcement, ICE, waived the theft defense issue. The second is the merits of that issue, whether Mr. Zhang was convicted of a theft defense. Starting with the waiver issue, neither the government nor the board have cited a single action by ICE to prosecute the theft defense issue. When the case was before the immigration judge, she requested that ICE brief the theft defense issue. ICE did not brief the theft issue as requested. When there was oral argument before the immigration judge, the immigration judge gave the ICE attorney the opportunity to address the theft offense issue, and the ICE attorney said no. The immigration judge ended up ruling against Mr. Zhang on a waived the theft defense issue, should the board get to it, and ICE did not file an opposition brief to that appeal brief. And finally, the last point in how ICE has waived the theft defense issue, after the first petition for review, there have been four petitions for review in this case, after the first petition for review, ICE submitted a brief on remand to the board that only addressed the other issue, the crime of violence issue. It didn't address the theft issue, and that's significant because if Mr. Zhang had prevailed on the crime of violence issue, then what would the board have done with the theft defense issue since ICE had never done on remand, that the theft defense issue should be considered in the alternative. Mr. Guadagno, maybe I'm a little bit confused, but they added the charge in 2001, right? That is correct. Okay, and the regulations say they are allowed to add a charge at any time during the removal proceedings, so they didn't even have to edit way back then, they could have edited at some later time if they wanted to pursuant to the regulation, right? That is correct. So is it your position that if they have a primary argument about removal, and for whatever reason, that argument fails or is weakened, that even though they've charged this separate grounds, that they cannot then move to the second grounds on a remand or some other proceeding, that's something that they've already given notice of? Is that your position? When have we said that? When have we said that as long as you give notice that you have multiple grounds, if for whatever reason you lose on one ground, that you cannot then assert the second existing ground that's been there for a long time? When the case was before the immigration judge, they didn't make any argument or any attempt to prosecute that, so their failure to prosecute it should be deemed waiver. We argued that in 2008, and there's a hypocrisy here that the board and the government take the issue. It could be considered now. However, Mr. Zhang's waiver argument apparently just gets forgotten and never gets addressed. And if the government's arguments, it's not really an argument. If the government's charging document from before the 2010 decision, it gets considered, then Mr. Zhang's waiver argument should be considered. All right. Why don't you move to the merits? And yes, with regards to the merits, the board has failed to take into account the intent of Congress. Congress created a theft defense ground of aggravated felony, knowing that the common law definition of theft defense would be used, which is essentially that a theft defense is a nonconsensual taking with the intent to deprive the property owner. With Congress, this offense that Mr. Zhang was convicted of, extortion, has an element of consent to it, so it should not be considered a theft offense. There's a decision by the board matter of Garcia Madruga, which deals with fraud, and in that decision, the board held that fraud was not a theft defense because fraud involves property being obtained with consent, just like extortion. Extortion is coerced consent, and that was what the board in Ibarra decided was different. So tell us why we shouldn't defer to that as a reasonable construct. Well, looking at the fraud offense, in fraud, the consent is obtained by trickery. If I am a victim of fraud and I give up my property through fraud, I can go into court and I can have that transaction voided so that it's not real consent. That consent is essentially akin to the consent in extortion. There's also additional factors in looking at the intent of Congress. Congress, when it created the extortion offense that Mr. Zhang was convicted of, it's called the Hobbs Act, 18 U.S.C. 1951. Congress paired extortion with robbery. Robbery is clearly a theft offense. If you're going to look at extortion and just ignore the consent element, then it becomes robbery. There's no difference between the two. Our focus really doesn't have to be on Congress's intent on 1951. On the INA, on the theft offense, it's not defined in the statute at all. We have twice said now in Almeida and in Benbola that it has a broad definition of theft offense. In Amendola, we said this circuit has already concluded that the legislative history of the statute in its plain language indicate a clear congressional intent to expand the definition of aggravated felony as applied to theft offenses to bring more convictions within its ambit. There is no indication that this consent issue is critical to the definition on the face of the statute. Then, as Judge Radji pointed out, then it becomes a Chevron issue, where you have an agency who has interpreted it as long as it is reasonable. The government points to the fact that the model penal code, Black's Law Dictionary, would all, within their broad definitions of theft, include extortion. You want us to find that that is unreasonable in light of no definition provided in the statute itself? You may comment, Your Honor, about Chevron. This is not a Chevron matter. This case involves an interpretation of pure law, criminal law. The board doesn't get deference with regards to determining whether or not extortion is a theft offense. They get deference in interpreting the definition of a theft offense, not in interpreting... I'm sorry. They don't, in determining whether extortion is... I know, but you're linking the two. Put aside the Hobbs Act for a moment. They get deference on how they decide to define theft on the immigration laws, don't they? On the Chevron? Yes, but they don't get deference as to whether extortion is... I know, but first you have to determine whether their interpretation of the immigration statute is reasonable. And if it is reasonable to interpret that to include extortion, as Judge Radji pointed out, to say coerced consent, not consent, if that's reasonable, then you do the comparison to the Hobbs Act. It's not... You're trying to link the Hobbs Act, but you have to determine whether or not their interpretation of their own statute is reasonable first. You understand what I'm saying? But I'm not disputing the board's interpretation of what constitutes a theft offense. I'm disputing whether or not extortion is a theft offense, and they do not get deference to that. That should be done under de novo review, and I don't believe that that was disputed in the briefs. And because this is subject to de novo review, this is a situation that should be considered under the rule of lenity. It's not clear what the meaning of consent is in this situation, whether or not this is the type of consent that should constitute a theft offense. And looking at the government... I understood the government to be arguing in its brief that we should defer to the BIA's interpretation in matter of Cardial Guerrero, where they say that a taking without consent for theft includes consent obtained under duress through the wrongful use of force or fear. Now, did I misunderstand that that is, in fact, where they're urging deference? And what's your response to that? If that's what they argue in their brief, and I misunderstood it, I will still say that the board does not get deference as to pure questions of law involving criminal law, and whether or not this offense is a theft offense is a pure question of law. Let's parse that out. They are construing what it means to be a taking without consent. Are they entitled to deference on that? No. Why not? Because that's a question of pure law that relates to criminal law that has nothing to do with immigration law. That does not involve an interpretation of the Immigration Nationality Act. All right. I think your time is up, but you have two minutes for rebuttal, so we'll hear from the government. Good morning, Your Honors. I'm Erica Miles for the Attorney General. I will first quickly just address the waiver argument. I'll just reiterate, as we said in our brief, at no point did DHS withdraw the charge, did it waive the charge. And as Your Honor, Judge Bianco noted, they have the right under regulation to lodge it at any time, which they did. And they did not pursue it because their case was so strong up until 2018 in DiMaia that this was a 16B crime of violence. And it was not until DiMaia ruled that is unconstitutional that the theft charge then became important for them to rely on. And the board reached it following this court's remand order. If the court doesn't have any questions for me about the waiver argument that counsel has made, I will move on to the merits of the theft arguments that have been raised. Okay. As you judges have been recognizing here, this court has already deferred to the board's definition of theft that you found that is ambiguous and that the board is entitled to deference to interpret this ambiguous term theft. Part of that is its interpretation of the meaning of consent. That's all within this umbrella ambiguous term theft that the board is interpreting. Counsel has admitted several times before this court and in his brief that he's not challenging the holding in matter of Ibarra that extortionate takings constitute theft. He's challenging the board's application of its definition to this federal extortion offense. He even implicitly agreed with the outcome in Ibarra that the California statute that includes extortionate takings there was rightly decided that that was a theft offense. But in any event, if this court deems that there's a Chevron issue before it as to the matter of Ibarra holding that extortionate takings, which mean taking or obtaining property through coercion or duress, that that constitutes theft, then the court should continue to do what it did in Amavula and Alameda and defer to the board's definition because it is reasonable in interpreting theft as an interpreting extortion where takings are coerced means they are not voluntary. And this is where I would really distinguish between theft and fraud as counsel discussed in the Garcia Madruga case because in fraud, that is a very different animal of an offense because there is a voluntariness, a true willingness at the time that the property is given over during a fraud offense. The person is believing something, a fraud or a deceit, giving it over voluntarily at the moment of handing it over. Extortion is so much more akin to theft and robbery because of the coerced nature, but for the threats or the violence, it would not be given over. It is as this court described it in two. It is that razor's edge that is just between robbery and extortion. For sort of a visual in mind, robbery would be somebody clutching the piece of property to their chest and somebody reaching over and taking it from them with them resisting. And extortion would just be this sort of unwillingness of, I don't want to give this to you and handing it over. That is very different than fraud where somebody believes and says, oh yes, absolutely, I like what you're saying. And they hand it over. That's why extortion is not like fraud. It's not like the line drawn in the matter of Garcia Madruga case. Additionally, counsel brought up that there is an issue about intent to deprive. And I point to, as I did in my brief, to the Coppola case that specifically states that in order to commit this extortion offense, it is committed with the specific purpose of inducing another to part with property. So there must be an intent to obtain the property from the owner, thereby necessarily depriving them. The Supreme Court in the Scheidler case describes this offense as the actor must obtain or seek to obtain property. It entails coercive conduct that is deliberate. There is intent there. And it's to obtain the property, getting it away from depriving the owner. If the court doesn't have any other questions or any questions for me about the government's position here, just to recap, and I think counsel would agree, he framed this as a challenge of the board's decision in Ibarra as applied to the statute of conviction at issue here was erroneous. And he's asking for de novo review there. And we hold firm that the board's deference is reasonable. He does not challenge the reasonableness of the Ibarra decision holding that extortionate offenses are theft. He challenges that the board determined that this particular extortion offense meets the board's definition. But if the court decides to reach it, we absolutely agree that it should defer to a matter of Ibarra's holding that extortionate offenses, which are unwilling consent or consent by coercion, are akin and meet the board's theft definition. Thank you, Ms. Miles. Thank you. All right, Mr. Guadagno, you have two minutes. Thank you, Your Honor. First, with the waiver issue, I'll just limit my comment to the fact that I stated before that in the 2008 brief, we argued there was waiver because the board only addressed the crime of violence. That argument never got considered. Since the board is addressing the theft defense issue because it was never considered, the board should be considering our waiver argument because it was never considered. With regards to the merits, let me start off with matter of Ibarra. Matter of Ibarra involved a hybrid statute. It was a robbery statute that encompassed different types of criminal conduct, including extortion, and it was written in such a way that there was no consent element. This is relevant to the Hobbs Act and the Hobbs Act's use of both robbery and extortion because Congress could have written the Hobbs Act to be a hybrid statute, but Congress did not. The fact that Congress created two distinct offenses, extortion and robbery, within the disregarded. With regards to Ibarra, we did challenge that decision as it related to extortion because our whole brief is arguing that since extortion involves consent, extortion should not be a theft offense. I see I'm about to run out of time, so unless there are questions, thank you very much. Have a good day. Thank you, both of you, and we will reserve decision. Thank you.